IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:07-cr-38-ALB-JTA |
| | ) | |
| DANIEL MARLIN JONES | ) | |

## AGREED ORDER TO REVOKE SUPERVISED RELEASE

Upon petition of the United States Probation Service to revoke the supervised release of defendant Daniel Jones and for good cause shown therein, the United States and the defendant, have agreed to the revocation of the defendant's supervised released upon the following terms:

## AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant agrees and stipulates that he pleads No Contest, *nolo contendere*, to the alleged violations of the terms and conditions of his supervised release; specifically, the defendant agrees the United States can establish proof of culpable conduct by a preponderance of the evidence that he has violated terms and conditions of his supervised release imposed on him by this Court on November 15, 2007 (Doc. 31), and that a sentence of 12 months and 1 day, followed by supervised release for 12 months, is an appropriate disposition of this matter.

## STIPULATIONS OF FACT AND AGREEMENT AS TO SENTENCE

The defendant pleads no contest and stipulates that the United States can establish proof of culpable conduct by a preponderance of evidence that he committed the acts

1

alleged in the petition to revoke supervision (Doc. 65) and that such conduct constitutes violations of two terms of his supervision:   the condition that "The defendant shall not commit another federal, state or local crime" (Doc. 31 at 3) and the condition "The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student." (*Id.*)   The allegations of the petition state:

1) On February 3, 2020, Montgomery, Alabama, police officers responded to a complaint of domestic violence involving the defendant and his wife, Chandra Montgomery. What originally started as a verbal altercation turned physical and resulted in Montgomery suffering minor injuries to her legs and back. The defendant was arrested and charged with Domestic Violence, 3' Degree, in violation of 13A-6-132 of the Code of Alabama.

2) The defendant was convicted of Rape, 2nd Degree, of a 14-year-old female in 2003 in the Circuit Court of Dale County, Alabama, Case Nos. CCO2-383 & 384. As a result of this conviction, Jones is required to register as a sex offender in Montgomery, Alabama. Jones was registering as homeless, listing multiple locations at which he might be located; however, on February 3, 2020, an investigation revealed he had been residing at a residence of which he never registered with the Montgomery, Alabama, Police Department. Jones was arrested and charged with Violation of Community Notification Act, in violation of 15-20A-10(b) of the Code of Alabama.

3) As reflected in Violation #2 above, Jones is required to register as a sex offender; however, he provided false information of his whereabouts and failed to register the residence at which he was residing with the Montgomery, Alabama, Police Department. Jones was arrested and charged with Violation of Community Notification Act, in violation of 15-20A-10(b) of the registration Code of Alabama.

The parties stipulate and agree, that pursuant to Chapter 7 Policy Statements, U.S. Sentencing Guidelines, these actions constitute, respectively, Grade C, Grade B, and Grade B violations and the defendant has a Criminal History Category of IV.

2

The parties further stipulate and agree, that in accordance with U.S.S.G. § 7B1.4, the range of imprisonment for a Grade B violation by an offender with a Criminal History Category of IV is 12 to 18 months and the range of imprisonment for a Grade C violation by an offender with a Criminal History Category of IV is 6 to 12 months.

The parties further agree that Mr. Jones has been in federal custody since at least August 25, 2020 and has been in state custody from on or about February 5, 2020 to August 25, 2020. Mr. Jones made bond on the pending state charges on August 25, 2020.

The parties further agree, pursuant to Rules 11(c)(1)(C) and 32.1, Federal Rules of Criminal Procedure a sentence of 12 months and 1 day incarceration, followed by 12 months supervised release, is an appropriate sentence for the defendant's violations of his supervised release.

The parties further agree that if the Court rejects this sentencing agreement, the defendant has the right to withdraw from this Agreed Order and have an evidentiary hearing on the revocation of his supervised release.

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant is not conceding that there is proof beyond a reasonable doubt that he has committed the alleged actions. However, defendant acknowledges that he is not contesting that the presentation of competent evidence could establish the violations of his supervised release by a preponderance of evidence, as set forth above.

The defendant acknowledges he has had an opportunity to:

1. Review the notice of the alleged violation of supervised release; and

2. Review the evidence against him.

The defendant further acknowledges he is aware of the following rights and is knowingly waiving these rights in exchange for the recommended agreed sentence:

1. The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2. The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

### DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

### AGREED SENTENCE

Upon agreement of the parties as set forth above, the Court finds that the defendant Daniel Jones violated the terms of supervised release imposed by this Court on November 15, 2007, and that his term of supervised release is hereby REVOKED.

It is further ORDERED that considering the agreement of the parties and the factors set forth in 18 U.S.C. § 3553(a), the defendant Daniel Jones be and is hereby committed to

the custody of the United States Bureau of Prisons for a period of 12 months and 1 day. It is further ordered that he shall have a term of supervised release of 12 months.

A Judgment and Commitment Order consistent with this Agreed Order shall issue forthwith.

So ORDERED, this the ___9th___ day of ___Sept.___, 2020.

_____
ANDREW L. BRASHER
UNITED STATES ~~DISTRICT~~ JUDGE
CIRCUIT
(sitting by designation)

Approved:

_____
Daniel Jones
Defendant

_____
Christine A. Freeman
Attorney for Defendant

_____
Kevin Davidson
Assistant United States Attorney